UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
Jose M. Mejia Ramos,

                        Plaintiff,                  Case No.: 2:17-cv-2203

              -against-                      **COMPLAINT**

Mato Restaurant Corporation, Antonette's of
East Hills LLC, BLJA LLC, Antonette's
Ristorant Corp, Antonette's Classico,
and James Antoniotti.

                        Defendant.
-----------------------------------------------------------------x

      Plaintiff Jose M. Mejia Ramos ("Plaintiff" or "Mejia") by and through his attorneys McBrien Law P.C., complaining of Defendants Mato Restaurant Corporation, Antonette's of East Hills LLC, BLJA LLC, Antonette's Ristorant Corp., Antonette's Classico, and James Antoniotti (collectively, "Defendants"), alleges:

## INTRODUCTION

      1.      Plaintiff Mejia brings this action to recover unpaid minimum and overtime wages, spread-of-hours pay, and other monies pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, et seq., the New York Labor Law ("NYLL") § 190, et seq., and the New York Wage Theft Prevention Act ("WTPA") and other appropriate rules, regulations, statutes and ordinances.

      2.      Throughout the period relevant to the claims herein, Mejia was employed by Defendants as a dishwasher and food preparation worker.

3. Defendants required Mejia to work over forty hours per week and failed to provide overtime compensation.

4. Defendants paid Mejia below the statutory minimum wage for some of the hours he worked.

5. Defendants required Mejia to work over 10 hours per day and failed to provide him with spread-of-hours pay.

6. Defendants failed to furnish Mejia with wage notices and wage statements.

7. Mejia seeks declaratory relief against Defendants' unlawful actions, compensation for unpaid minimum and overtime wages, spread-of-hours pay, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL and WTPA.

## JURISDICTION & VENUE

8. Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq.*, 28 U.S.C. §§ 1331 and 1337.

9. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

10. Defendants do business in the State of New York in Nassau County and upon information and belief maintain principal places of business at 290 Glen Cove Rd., Roslyn Heights, New York 11576.

11. Upon information and belief Defendant's also maintain business administrative operations at 26 Hardwood Drive East, Glen Cove, New York 11542.

12. Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

### *Plaintiff Mejia*

13. Plaintiff Mejia resides in Freeport, New York, and at all times relevant to this complaint a domiciliary of the State of New York.

14. Mejia is not proficient in English.

15. Mejia's native language is Spanish.

16. During Mejia's course of employment with Defendants, Mejia was a dishwasher and food preparation worker.

17. During Mejia's course of employment with Defendants, Mejia worked at Defendants' three restaurants Antonette's of East Hills, LLC, Antonette's Ristorant Corp., and Antonette's Classico.

### *Defendant Mato Restaurant Corporation Restaurants*

18. Upon information and belief, Defendant Mato Restaurant Corp. was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

19. Upon information and belief, Defendant Mato Restaurant Corp. maintains an Executive Office c/o James Antoniotti at 26 Hardwood Drive East, Glen Cove, New York, 11542.

20. Upon information and belief, Defendant BLJA LLC is a domestic business corporation that is a related corporate entity and/or subsidiary with affiliation to Mato Restaurant Corp.

21. Upon information and belief, Defendant BLJA LLC maintained an office at 2701 Merrick Rd., Roslyn Heights, New York 11710.

22. Upon information and belief, Antonette's of East Hills LLC was and still is a related corporate entity and/or subsidiary of Defendant Mato Restaurant Corp.

23. Upon information and belief Defendant Antonette's of East Hills LLC had and continues to have operations at 290 Glen Cove Rd., Roslyn Heights, New York, 11576.

24. Upon information and belief, Defendant Mato Restaurant Corp. conducted and conducts business at Defendant Antonette's of East Hills LLC.

25. Upon information and belief, Antonette's Classico was a related corporate entity and/or subsidiary of Defendant Mato Restaurant Corp.

26. Upon information and belief, Antonette's Classico operated at 509 Merrick Rd., Rockville Center, New York 11570.

27. Upon information and belief, in or around 2016, Defendant Antonette's Classico restaurant ceased operations at 509 Merrick Rd., Rockville Center, New York 11570.

28. Upon information and belief, Defendant Antonette's Ristorant was a related corporate entity and/or subsidiary of Defendant Mato Restaurant Corp.

29. Upon information and belief, Defendant Antonette's Ristorant operated at 2701 Merrick Road, Bellmore, NY 11710.

30. Upon information and belief, in or around August 2014, Defendant Antonette's Ristorant ceased operations at 2701 Merrick Road, Bellmore, NY 11710.

31. At all times relevant to the Complaint, Defendants' Mato Restaurant Corp., BLJA LLC and Defendant Restaurants acted as an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Section 190(3) of the NYLL, N.Y. Lab. Law § 190(3).

32. At all times hereinafter mentioned, the activities of Defendants' Mato Restaurant Corp., BLJA LLC and Defendant Restaurants constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

33. Defendants Mato Restaurant Corporation, BLJA LLC and Defendant Restaurants are an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

34. At all times hereinafter mentioned, Defendants' Mato Restaurant Corp., BLJA LLC and Defendant Restaurants employed employees, including Plaintiff herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s)(A)(i).

35. At all times hereinafter mentioned, Defendants' Mato Restaurant Corp., BLJA LLC and Defendant Restaurants annual gross volume of sales made or business done is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

### *Defendant James Antoniotti*

36. Upon information and belief, Defendant, James Antoniotti, is the President/CEO/Owner of Defendants' Mato Restaurant Corp. and BLJA LLC; including Antonette's of East Hills LLC which upon information and belief continues to operate, Antonette's Ristorant Corp. which is no longer operating, and Antonette's Classico, which is no longer operating (all "Defendant Restaurants").

37. Upon information and belief, and at all times hereafter mentioned Defendant James Antoniotti is a shareholder of Defendants' Mato Restaurant Corp., BLJA LLC and Defendant Restaurants.

38. Upon information and belief, and at all times hereafter mentioned Defendant James Antoniotti is an agent of Defendants' Mato Restaurant Corp., BLJA LLC and Defendant Restaurants.

39. Upon information and belief, and at all times hereafter mentioned Defendant James Antoniotti has authority over personnel decisions and payroll decisions at Defendants' Mato Restaurant Corp., BLJA LLC and Defendant Restaurants.

40. Upon information and belief, and at all times hereafter mentioned Defendant James Antoniotti was responsible for maintaining employment records and determined the rate and method of payment of employees at Defendants' Mato Restaurant Corp., BLJA LLC and Defendant Restaurants.

41. Upon information and belief, and at all times hereafter mentioned Defendant James Antoniotti supervised and controlled employees at Defendants' Mato Restaurant Corp., BLJA LLC and Defendant Restaurants.

42. Upon information and belief, and at all times hereafter mentioned Defendant James Antoniotti had the authority to hire and fire employees for Defendants' Mato Restaurant Corp., BLJA LLC and Defendant Restaurants.

43. Upon information and belief, and at all times hereafter mentioned Defendant James Antoniotti had the power to make binding decisions for Defendants' Mato Restaurant Corp., BLJA LLC and Defendant Restaurants.

44. Defendant James Antoniotti is personally and jointly and severally liable for defendants' violations of the FLSA and NYLL at Defendants Mato Restaurant Corp., BLJA LLC and Defendant Restaurants.

## FACTUAL ALLEGATIONS

45. Plaintiff Mejia was an "employee" of Defendants, within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2), working under their direct supervision.

46. Mejia was employed by Defendants from in or about January 2008, until March 2016 except for a three month period on or about the end of 2014.

47. During the period from December 31, 2014 until Mejia's final day of employment with Defendants in March of 2016, Defendants paid him less than legal minimum wage.

48. At all times, Mejia was required to be paid overtime pay at the statutory rate of one and one-half (1½) times, his regular rate of pay after he had worked 40 hours in a workweek.

49. Mejia regularly worked six (6) days per week; Tuesday through Sunday from 11:00 a.m. until at least 11:00 p.m.

50. Mejia regularly worked from 72 hours per week, while employed by Defendants.

51. Defendants routinely held Mejia after over eight hours of work per day and required him to work without additional compensation.

52. During some months Mejia would work one week that was not a six day week, working either seven (7) days, or five (5) days during one week of the month.

53. On some days, when not working in food preparation or washing dishes, Defendant would require Mejia to perform labor at Defendant's other properties. This work included brickwork and pool maintenance.

54. Defendants did not provide Mejia with any break periods.

55. Defendants would sometimes force Mejia's to create a record that he worked fewer hours than he actually worked. Mejia was forced to do this over his objection.

56. During Mejia's employment with Defendants, Mejia understood he was to be paid at a rate of $100 per day.

57. Mejia was paid weekly by check and supplemented with cash, or paid entirely in cash.

58. During most work weeks Mejia was not paid more than $600 in combined cash and checks, except during June, July and August of 2014 when he was paid between $600 and $700 per week.

59. Mejia was not paid at all for six weeks he worked for Defendant during the period from January 2016 through March 2016.

60. During the period from January 2016 through March 2016, Defendants issued payroll checks to Mejia that financial banking institutions rejected for insufficient funds.

61. By issuing payroll checks that Mejia was unable to deposit or cash, Defendants failed to pay Mejia at the statutory minimum wage for each hour worked during those relevant payroll periods.

62. Defendants failed to compensate Mejia for time worked in excess of 40 hours per week at a rate of at least one and one-half (1½) times his regular hourly rate.

63. Throughout his employment, Mejia worked more than 10 hours on most workdays in which he was employed by the Defendants.

64. Defendants failed to compensate Mejia by paying him an additional amount of at least one hour at the minimum wage rate for each day he worked in excess of 10 hours in a workday.

65. During Mejia's employment Defendants failed to furnish him with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid each workweek.

66. Defendants failed to furnish Mejia with a wage notice in 2008 through the end of his employment in March 2016, as was required by the NYLL.

## FIRST CAUSE OF ACTION
### For Unpaid Minimum Wage, a FLSA Violation

67. Plaintiff realleges and incorporates by reference herein all allegations in all preceding paragraphs.

68. At all relevant times the Defendants have been and continue to be an employer engaged in interstate commerce and or in the production of good for commerce within the meaning of FLSA, 29 U.S.C. §203.

69. At all relevant times, Defendants employed Plaintiff.

70. Defendants were required to pay Plaintiff at the applicable New York State minimum wage rate for all hours worked.

71. Defendants willfully failed to pay Plaintiff the minimum wage that he was entitled to receive.

72. Defendants required Plaintiff to work for wages below the legally required minimum wage.

73. Defendants' violations of the FLSA have been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful.

74. Defendants did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

75. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

76. As a consequence of the willful underpayment of wages, alleged above, Plaintiff has suffered damages by being denied minimum wage in accordance with the FLSA, in amounts to be determined at trial and is entitled to recovery of such amounts, liquidated damages, together with prejudgment interest, liquidated damages, attorneys' fees, and costs and other compensation pursuant to 29 USC §§ 201 et seq.

## SECOND CAUSE OF ACTION
### For Unpaid Minimum Wage, a NYLL Violation

77. Plaintiff realleges and incorporates by reference herein all allegations in all preceding paragraphs.

78. At all relevant times Plaintiff was an employee of the Defendants.

79. At all relevant times Defendants were and continue to be employers of the Plaintiff Mejia within the meaning of NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

80. At all relevant times Plaintiff was covered by the NYLL.

81. Defendants were required to pay Plaintiff at the applicable New York State minimum wage rate for all hours worked.

82. Defendants willfully failed to pay Plaintiff the minimum wage that he is entitled to receive under the NYLL; 12 N.Y.C.R.R. Part 146-1.2.

83. Defendants were required to pay Plaintiff at the full minimum wage rate of $7.25 per hour beginning on July 24, 2009, $8.00 per hour beginning December 31, 2013, $8.75 per hour beginning on December 31, 2014 and $9.00 per hour beginning on December 31, 2015 until the present under NYLL §§650 *et seq.*; 12 N.Y.C.R.R. Part 146-1.2.

84. Through their knowing or intentional failure to pay the required minimum hourly wage to Plaintiff, Defendants willfully violated the NYLL, Article 19 §§ 650 *et seq.* and corresponding New York State Department of Labor regulations.

85. Due to the Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from the Defendants his unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### For Failure To Pay Overtime, a FLSA Violation

86. Plaintiff realleges and incorporates by reference herein all allegations in all preceding paragraphs.

87. Defendants employed Plaintiff for workweeks longer than 40 hours and willfully failed to compensate Plaintiff for the time worked in excess of 40 hours per week, at a rate of at least one and one-half (1½) times the regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

88. Defendants have failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and other similarly situated individuals.

89. Because Defendants' violations of the FLSA have been willful, a 3 year statute of limitations applies, pursuant to 29 U.S.C. § 255.

90. As a consequence of the willful underpayment of wages, alleged above, Plaintiff has incurred damages thereby and Defendants are indebted to him in the amount of the unpaid overtime compensation, reasonable attorneys' fees and costs of the

action, together with interest and liquidated damages, in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### For Failure To Pay Overtime, a NYLL Violation

91. Plaintiff realleges and incorporates by reference herein all allegations in all preceding paragraphs.

92. Defendants employed Plaintiff for workweeks longer than 40 hours and willfully failed to compensate Plaintiff for the time worked in excess of 40 hours per week, at a rate of at least one and one-half (1½) times the regular hourly rate, in violation of the requirements of the NYLL.

93. Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff.

94. By the course of conduct set forth above, Defendants have violated N.Y. Lab. Law § 650, *et seq.*; 12 N.Y.C.R.R. § 146-1.4.

95. Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff.

96. Defendants' failure to pay overtime compensation to Plaintiff was willful within the meaning of N.Y. Lab. Law § 663.

97. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover his unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## FIFTH CAUSE OF ACTION
### For Violation of The Spread of Hours Wage Order of The New York Commissioner of Labor, a NYLL Violation

98. Plaintiff realleges and incorporates by reference herein all allegations in all preceding paragraphs.

99. Defendants failed to pay Plaintiff one (1) additional hour pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten (10), in violation of N.Y. Lab. Law Article 19, § 650, *et seq.*, as codified by 12 N.Y.C.R.R. § 146-1.6.

100. Defendants failed to pay Plaintiff in a timely fashion, as required by Article 6 of the NYLL.

101. Defendants' failure to pay Plaintiff an additional hour pay for each day Plaintiff's spread of hours exceeded ten (10) hours was willful within the meaning of N.Y. Lab. Law § 663.

102. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

## SIXTH CAUSE OF ACTION
### For Violation Of Notice And Record-Keeping Requirements, a NYLL Violation

103. Plaintiff realleges and incorporates by reference herein all allegations in all preceding paragraphs.

104. Defendants failed to supply Plaintiff notice as required by N.Y. Lab. Law § 195, in English or in the language identified by Plaintiff as their primary language, containing

Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

105. Defendants failed to supply Plaintiff with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

106. Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendants failed to provide a proper wage notice from April 9, 2011 through February 26, 2015, Plaintiff is entitled to damages of $50, or a total maximum of $2,500, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

107. Due to Defendants' violations of N.Y. Lab. Law § 195, for each day that Defendants failed to provide a proper wage notice at the time of hiring from February 26, 2015 through the present, Plaintiff is entitled to damages of $100, or a total maximum of

$5,000, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

108.    Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendants failed to provide a proper wage statement from April 9, 2011 through February 26, 2015, Plaintiff is entitled to damages of $100, or a total maximum of $2,500, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

109.    Due to Defendants' violations of N.Y. Lab. Law § 195, for each workday that Defendants failed to provide a proper wage statement from February 26, 2015 through the present, Plaintiff is entitled to damages of $250, or a total maximum of $5,000, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mejia respectfully requests that this Court enter a judgment:

a.    declaring that defendants have violated the minimum and overtime wage provisions of the FLSA and the NYLL;

b.    declaring that defendants violated the notice and record-keeping provisions of the NYLL and WTPA;

c.    declaring that defendants have violated the spread-of-hours pay provisions of the NYLL;

  d.  declaring that defendants' violations of the FLSA and NYLL were willful;

  e.  enjoining defendants from future violations of the FLSA and NYLL;

  f.  awarding plaintiff unpaid minimum and overtime wages;

  g.  awarding plaintiff unpaid spread-of-hours pay;

  h.  awarding plaintiff liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and to the NYLL;

  i.  awarding plaintiff liquidated damages as a result of defendants' failure to furnish accurate wage statements and annual notices pursuant to the NYLL;

  j.  awarding plaintiff pre- and post-judgment interest under the NYLL;

  k.  awarding plaintiff's reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

  l.  awarding such further relief as the Court deems just and equitable.

Dated: April 11, 2017        Respectfully Submitted,
Hauppauge, New York

                _____
                Bruce McBrien, Esq.

                Attorney for Plaintiff
                McBrien Law P.C.
                300 Rabro Dr., Suite 126
                Hauppauge, NY 11788
                631-403-0335
                bmcbrien@mcbrienlaw.com